# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL CASE NO. 3:26-cv-00467-MR

JEREMI GABRIEL MARTINEZ REYES, )
)
        **Petitioner,** )
)
**vs.** )      **MEMORANDUM OF**
)      **DECISION AND ORDER**
MARKWAYNE MULLEN, et al., )
)
        **Respondents.** )
_____ )

**THIS MATTER** is before the Court on the Petitioner's pro se Motion for Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Doc. 1] and Emergency Motion for Temporary Restraining Order and Preliminary Injunction [Doc. 2].

## I.    PROCEDURAL HISTORY

The Petitioner, who is presently detained by U.S. Immigration and Customs Enforcement ("ICE") at the Stewart Detention Center in Lumpkin, Georgia,[1] filed the instant action pursuant to 28 U.S.C. § 2241. [Doc. 1].

---

[1] The Court takes judicial notice that the ICE website indicates that the Stewart Detention Center is the Petitioner's current detention facility. See https://locator.ice.gov/odls/#/details (last accessed June 16, 2026, 10:24 a.m.); Fed. R. Evid. 201 (addressing judicial notice). Lumpkin is situated in Stewart County, which is located in the Middle District of Georgia.

The Petitioner names as Respondents in their official capacities: Markwayne Mullen, the Secretary of the U.S. Department of Homeland Security; David Venturella, the Acting Director of U.S. Immigration and Customs Enforcement; Marcos Charles, Acting Executive Associate Director of Enforcement Removal Operations, U.S. Immigration and Customs Enforcement.

The Petitioner asks the Court to assume jurisdiction over the matter; enter a declaratory judgment stating that the stay of removal remains in place while the Petitioner's Motion to Reopen remains pending in immigration court; temporarily and permanently enjoin the Respondents from removing the Petitioner while his Motion to Reopen is pending; require Respondents to immediately return the Petitioner in the event that he has already been removed; and grant any other relief that the Court deems just and proper. [Doc. 1 at 11; Doc. 2].

## II.    BACKGROUND[2]

The Petitioner, a native and citizen of Honduras, entered the United States in 2019.  He engaged the services of an individual, whom he believed to be an attorney, to assist him with his immigration status.  The Petitioner

---

[2] This section is gleaned largely from the Petitioner's June 5, 2026 Motion to Reopen. [Doc. 1-1 at 1].

filed for Temporary Protected Status with the individual's assistance, and made inquiries about the status of his immigration case.  On March 27, 2025, the Petitioner received a notice that a hearing had been scheduled for March 25, of which Petitioner had received no prior notice, and that an order of removal had been entered *in absentia.*

On April 17, 2025, the Petitioner filed a Motion to Reopen in immigration court with the assistance of a *bona fide* attorney.  The Motion to Reopen was denied on May 21, 2025.

According to the Petition, the Petitioner was "recently" detained by ICE. [Doc. 1 at 7].  On June 5, 2026, the Petitioner filed another Motion to Reopen in Charlotte Immigration Court, through new immigration counsel.  At that time, the Petitioner was located at the Stewart Detention Center.  [Id.].

On June 10, 2026, ICE personnel informed the Petitioner that he was being deported and presented him with paperwork that the Petitioner refused to sign.  [Id.].  The Petitioner told officials that there was a stay in his case, but he was repeatedly told he was being reported; counsel unsuccessfully attempted to contact ICE officials. [Id.].

"Over the weekend" of June 13-14, 2026, the Petitioner was transferred multiple times, to multiple states, such that neither his family nor his counsel were aware of his whereabouts for significant periods of time.

[Id.].  The Petitioner's temporary housing locations included Texas and Mississippi.  [Id.].  Counsel repeatedly attempted to communicate with the relevant duty officers without success.  [Id. at 8].  The instant § 2241 Petition was filed in this Court at 11:57 a.m. on Sunday, June 14, 2026.

## III.  DISCUSSION

Title 28, Section 2241 provides district courts with authority to grant relief "within their respective jurisdictions.'" Rumsfeld v. Padilla, 542 U.S. 426, 434-35 (2004) (quoting  28 U.S.C. § 2241(a)).  As a general matter, "a habeas petition seeking to challenge present physical custody should be filed 'in the district of confinement' and 'the proper respondent to a habeas petition is 'the person who has custody over [the petitioner].'" Id. at 426 (quoting 28 U.S.C. § 2242); see Kanai v. McHugh, 639 F.3d 251, 255 (4th Cir. 2011) ("When a petitioner is physically detained … the 'district of confinement' necessarily is the location of both the habeas petitioner and the immediate custodian").  The custodian is "'the person' with the ability to produce the prisoner's body before the habeas court." Padilla, 542 U.S. at 434.  Because "[b]y definition, the immediate custodian and the prisoner reside in the same district," the Court generally requires petitioners to name "some person who has the *immediate custody* of the party detained" rather than "the Attorney General or some other remove supervisory official." Suri

4

v. Trump, 2025 WL 1806692 (4th Cir. July 1, 2025).  A subsequent transfer "does not strip the court of jurisdiction over the petition."  Anariba v. Dir. Hudson Cnty. Corr. Ctr., 17 F.4th 434 (3d Cir. 2021); see, e.g., Adepoju v. Scales, 782 F.Supp.3d 306 (E.D. Va. May 14, 2025).

These "default" district of confinement and immediate custodian rules are not absolute.  Suri, 2025 WL 1806692, at *4.  The Supreme Court has recognized that, when an individual is "held in an undisclosed location by an unknown custodian, it is impossible to apply the immediate custodian and district of confinement rules."  Padilla, 542 U.S. at 450 n.18.  This "unknown-custodian exception" provides that, "if the government moves a detainee from a district and their attorney cannot discover their location with reasonable inquiry, the attorney may file a habeas petition in the detainee's last-known location against their ultimate custodian."  Suri, 2025 WL 1806692, at *4; see, e.g., United States v. Moussaoui, 382 F.3d 453, 465 (4th Cir. 2004) (where the immediate custodian is unknown, it is proper to serve the petitioner's ultimate custodian).

In the instant case, the Petitioner was being restrained in the Stewart Detention Center in Lumpkin, Georgia, when the Motion to Reopen was filed in immigration court on June 5.  [Doc. 1 at 7].  He has apparently remained at the Stewart Detention Center except for a series of rapid transfers over

5

the same weekend when the § 2241 Petition was filed.  Counsel fails to identify the district where the Petitioner was located at the time of the § 2241 filing; however, the series of rapid transfers made it impractical for counsel to file in any district other than the Middle District of Georgia.  See Padilla, 542 U.S. at 450 n.18; Suri, 2025 WL 1806692.  The Petition will, therefore, be transferred to the Middle District of Georgia in the interest of justice.

## IV.    CONCLUSION

For the foregoing reasons, this action will be transferred to the Middle District of Georgia for all further proceedings.

### **ORDER**

**IT IS, THEREFORE, ORDERED** that this action is **TRANSFERRED** to the United States District Court for the Middle District of Georgia for all further proceedings.

The Clerk is respectfully instructed to terminate this action.

**IT IS SO ORDERED**.

Signed: June 17, 2026

Martin Reidinger
Chief United States District Judge

6